T.C. Memo. 2013-248

UNITED STATES TAX COURT

EDWARD J. FINE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1713-12.                    Filed October 29, 2013.

Edward J. Fine, pro se.

Timothy Froehle, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge: Respondent determined a $3,462[1] deficiency in

petitioner's Federal income tax for 2009. After concessions,[2] the sole issue for

---

[1]All amounts are rounded to the nearest dollar.

[2]Petitioner concedes he failed to report $13 of dividend income.
Respondent concedes petitioner's gambling losses equal his gambling income.
Respondent also concedes petitioner was at least 65 years old on the last day of
                                                      (continued...)

**[*2]** decision is whether petitioner is entitled to an itemized deduction for home mortgage interest. We hold he is not.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with the attached exhibits, are incorporated herein by this reference. Petitioner resided in California when the petition was filed.

Petitioner filed a Federal income tax return for 2009. On the Schedule A, Itemized Deductions, attached to petitioner's return, he claimed a $13,334 deduction for home mortgage interest. Respondent issued petitioner a deficiency notice disallowing the claimed mortgage interest deduction. Petitioner filed a petition with this Court contesting the deficiency notice.

---

[2](...continued) petitioner's 2009 tax year and further concedes therefore that petitioner is entitled to an additional exemption. See sec. 1.151-1(c), Income Tax Regs.

**[\*3]**                                    OPINION

## I.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise.  Rule 142(a);[3] see Welch v. Helvering, 290 U.S. 111, 115 (1933).  The burden of proof may shift to the Commissioner if the taxpayer proves that he or she has satisfied certain requirements.  Sec. 7491(a); see Baker v. Commissioner, 122 T.C. 143, 168 (2004).  Petitioner has neither claimed that the burden shifts to respondent nor shown that he complied with the requirements of section 7491(a).  The burden of proof, therefore, remains on petitioner.  See Rule 142(a).

## II.  Home Mortgage Interest Deduction

Petitioner claims he is entitled to a home mortgage interest deduction for 2009.  Subject to certain limitations not applicable here, a taxpayer is generally allowed to deduct home mortgage interest paid within the taxable year.  See sec. 163(a), (h)(2)(D).  Deductions, however, are a matter of legislative grace, and a taxpayer bears the burden of proving that he has complied with the specific requirements for any deduction claimed.  INDOPCO, Inc. v. Commissioner, 503

---

[3]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended and in effect for the year at issue.

**[\*4]** U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also Rule 142(a).  Taxpayers bear the burden of substantiating the amount of any claimed deduction by maintaining the records needed to establish entitlement.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976).  A taxpayer's self-serving declaration is generally not a sufficient substitute for records.  Weiss v. Commissioner, T.C. Memo. 1999-17.

Petitioner failed to present any documentation or other credible evidence showing that he paid home mortgage interest in 2009.  Petitioner, rather, offered only his own self-serving and uncorroborated testimony.  We are not required to accept such testimony, nor do we here.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Petitioner has failed to meet his burden of proof.  Accordingly, we sustain respondent's determination to disallow the $13,334 home mortgage interest deduction.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

**[\*5]** To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.